IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WALTER H. HOLLOWAY, | ) | 8:19CV378 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| FIREFIGHTER FOR STATION #33, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his pro se Complaint on August 27, 2019 (Filing 1) and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges he suffered a head injury while working as a firefighter for the City of Omaha. He requests workers' compensation.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

This court does not have jurisdiction to decide workers' compensation claims. All disputed claims for workers' compensation must be submitted to the Nebraska Workers' Compensation Court. *See* Neb. Rev. Stat. § 48-161.

IT IS THEREFORE ORDERED:

1. Plaintiff's Complaint (Filing 1) is dismissed without prejudice for lack of subject matter jurisdiction.

2. Judgment shall be entered by separate document.

DATED this 22nd day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge